IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE ROSS, | Civil No. 3:15-cv-84 |
| Petitioner | (Judge Mariani) |
| v. | |
| PA DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents | |

## MEMORANDUM

On January 14, 2011, Petitioner Dwayne Ross ("Ross"), was found convicted by a jury of persons not to possess firearms, in the Court of Common Pleas of Lancaster County, Pennsylvania. (Doc. 1). Ross thereafter pled guilty to possession of an unlicensed firearm and reckless endangerment. (*Id.*). On March 31, 2011, Ross was sentenced to an aggregate term of imprisonment of four to ten years.[1] (*Id.*). On January 13, 2015, Ross filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. (*Id.*). For the reasons set forth below, the petition will be denied as untimely.

I. **Background**

On March 25, 2008, a criminal information was filed in the Court of Common Pleas of

---

[1] In an effort to ascertain the custodial status of Petitioner, the Court accessed the Vinelink online inmate locator, which revealed that Ross is no longer in custody. Upon entering Ross' offender identification number, JZ-8316, into the online inmate locator system, https://vinelink.com/#/search, his status was returned as "out of custody."

Lancaster County charging Ross with firearms not to be carried without a license, recklessly endangering another person, criminal mischief, and persons not to possess firearms. (Doc. 6-1, Ex. A). On July 14, 2011, following a jury trial, Ross was found guilty of persons not to possess firearms. *See* https://ujsportal.pacourts.us, *Commonwealth v. Ross*, electronic docket number CP-35-CR-0000748-2008. On March 31, 2011, Ross pled guilty to possession of an unlicensed firearm and reckless endangerment. *Id.* Also on March 31, 2011, Ross was sentenced to an aggregate term of imprisonment of four to ten years. *Id.*

On May 5, 2011, Ross filed a timely direct appeal. *Commonwealth v. Ross*, 787 MDA 2011 (Pa. Super.). On January 20, 2012, the Pennsylvania Superior Court affirmed the conviction. *Commonwealth v. Ross*, 43 A.3d 524 (Table) (Pa. Super. 2012). On February 16, 2012, Ross filed a petition for allowance of appeal to the Pennsylvania Supreme Court. *Commonwealth v. Ross*, 787 MDA 2011 (Pa. Super.); (Doc. 6-1, Ex. J). The Pennsylvania Supreme Court denied his appeal on June 26, 2012. *Commonwealth v. Ross*, 616 Pa. 636, 47 A.3d 847 (Table) (Pa. 2012). Ross did not file a petition for writ of certiorari to the United States Supreme Court, therefore his judgment of sentence became final ninety days later on September 24, 2012.

Ross did not file a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

The instant federal habeas petition was filed on January 13, 2015. (Doc. 1).

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v.

*Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Ross was sentenced on March 31, 2011. Ross' time for pursuing a direct appeal expired on September 24, 2012, at which time his judgment became final. *See Nara*, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on January 13, 2015, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

A.  **Statutory Tolling**

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on September 24, 2012, and expired on September 24, 2013. Ross never filed a PCRA petition. Given the procedural posture of this case, Ross is barred from filing a timely PCRA petition. *See* 42 PA.C.S.A. § 9545(b)(1) ("Any petition under this subchapter ... shall be filed within one year of the date the judgment becomes final."). A PCRA petition does not toll an expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). An untimely PCRA petition is not "properly filed" and, therefore,

does not toll the statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d 157, 167-68 (3d Cir. 2003). Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, the petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren*

*v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Ross does not indicate that any extraordinary circumstances obstructed his pursuit of post-conviction relief in either state court or federal court, and he has never asserted his rights in the wrong forum.

As stated, in determining whether extraordinary circumstances exist to warrant the application of equitable tolling, the Court must also examine petitioner's due diligence in pursuing the matter under the specific circumstances he faced. *See Traub v. Folio*, 2004 WL 2252115, *2 (E.D. Pa. 2004) (citing *Schlueter v. Varner*, 384 F.3d 69 (3d Cir. 2004) (affirming dismissal of the habeas petition as time-barred and not entitled to equitable tolling because lengthy periods of time had elapsed following the petitioner's conviction before he sought relief)). It is petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. *Id.* Under the

circumstances of this case, Ross fails to allege any steps that he took to timely file the instant federal habeas petition and that he was somehow prevented from timely filing. As such, Ross did not act in a reasonably diligent fashion and equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### C. Actual Innocence

A claim of actual innocence may serve as both an exception to procedural default and as an equitable exception to the statute of limitations. *See McQuiggin v. Perkins*, --- U.S. ---, 133 S.Ct. 1924, 1931 (2013); *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004). In *McQuiggin*, the Supreme Court reaffirmed that there is an "equitable exception" to the statute of limitations applicable to habeas claims, but "only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (quoting *McQuiggin*, 133 S.Ct. at 1933). Thus, actual innocence, if proved, serves as a gateway through which a petitioner may pass when faced with procedural impediments such as the expiration of the statute of limitations. *McQuiggin*, 133 S.Ct. at 1928. The Supreme Court emphasized, however, the demanding nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S.Ct.

at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The limited nature of this exception is underscored by the Court's explicit observation that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928.

Ross maintains that he is actually innocent of the underlying crimes. (Doc. 1, pp. 6-7, 13). He argues that the Commonwealth should have tested the DNA evidence taken from the gun in question. (*Id.* at p. 13). Fatal to the instant petition, actual innocence claims focus on "new" evidence - "relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28. Ross has not produced any new evidence that would persuade the Court that the outcome of his case would have been different. To the contrary, Ross merely argues that there was DNA evidence available at the time of trial that should have been tested. It is clear that this evidence was previously available during trial. (Doc. 1, p. 8; Doc. 6, Ex. I, p. 4). Evidence is not "new" if it was available at trial. *Hubbard*, 378 F.3d at 340-41 (stating that petitioner's allegation of actual innocence is "nothing more than a repackaging of the record as presented at trial" and thus he could not show that it is more likely than not that no reasonable juror would have convicted him in light of the new

evidence); *Meyers v. Lawler*, 2010 WL 3420059, at *6 (E.D. Pa. Aug. 27, 2010) (DNA evidence that was available at trial is not "new"). The Pennsylvania Superior Court addressed the lack of DNA testing as follows:

> Lancaster City Police Officer Jeffrey Bell assumed custody of the gun at the police department. He testified that there were no fingerprints on it and that, in accordance with police protocol, he swabbed the gun for DNA. The DNA swabs were never sent for testing. Officer Bell explained that the importance of the crime dictates whether DNA samples are sent to the Pennsylvania State Police for analysis.

(Doc. 6-1, Ex. I, p. 4).

Additionally, the Commonwealth explained that "the need for DNA testing ... was obviated in this case due to the eyewitness testimony." (*Id.* at p. 8). Ross has not established that DNA testing would have resulted in a different outcome. Even more compelling is that Ross pled guilty to possession of an unlicensed firearm and reckless endangerment, and admitted under oath that he was guilty of these crimes. Thus, he cannot now claim actual innocence to invalidate his guilty plea. *See, e.g., Williams v. Holland*, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based on *McQuiggin* where he pled guilty to the offenses); *Sidener v. United States*, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013) (rejecting *McQuiggin* claim because "Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence").

Because Ross' case is not one of those "rare" cases, which presents new reliable

evidence that was not previously available, the equitable exception to § 2244(d)(1) does not apply.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present matter, jurists of reason would not find the disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

### IV. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely. An appropriate order will issue.

Dated: September 28, 2016

Robert D. Mariani
United States District Judge